**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **AWAD OMAR MUSTAFA,** | § | |
| | § | |
| *Plaintiff,* | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:26-cv-3976** |
| | § | |
| **UNITED STATES DEPARTMENT OF STATE,** | § | |
| **ET AL,** | § | |
| | § | |
| *Defendants.* | § | |

## ORDER

Before the Court is Plaintiff Awad Omar Mustafa's Emergency Motion for Temporary Retraining Order and Preliminary Injunction (ECF No. 3) and Plaintiff's Renewed Emergency Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 12). The Court construes these motions as presenting a Fifth Amendment due process challenge. Having considered the briefing and oral argument of Parties, the Court hereby **ENJOINS** Defendants from removing Plaintiff to a third country without sufficient notice and a meaningful opportunity to challenge his removal. Plaintiff's Motions are **GRANTED IN PART.**

## I.    BACKGROUND

Defendants did not dispute the following facts. Plaintiff is a non-citizen resident of Houston who currently works for the City of Houston's Solid Waste Department. ECF No. 1 at 9.  He was ordered removed from the United States in 2008 and was subsequently released on an Order of Supervision. *Id.* at 2. Plaintiff has no criminal history, and he has consistently complied with the conditions of his release. *Id.* at 2, 9.

Plaintiff is a gay man and a Muslim, a combination of identities which Plaintiff believes would expose him to a significant risk of harm should he be removed to a number of countries around the

world. *See id.* at 2-3. Defendants have been unable to secure travel documents which would allow Plaintiff's removal to his country of citizenship, Sudan.[1] ECF No. 4 at 2. Thus, Plaintiff is a candidate for third-country removal.

Current federal policy permits the Government to remove non-citizens to any third country which has provided blanket "diplomatic assurances that aliens removed from the United States will not be persecuted or tortured." ECF No. 17 at 5 (quoting March 30, 2025 "Guidance Regarding Third Country Removals"). Carrying out such a removal does not require further process or an individualized determination of risk to the non-citizen. Thus, it can be achieved within a matter of hours or days.

## II.    ANALYSIS

At the outset, the Court concludes that is has jurisdiction to consider whether the Government's third-country removal policy—as applied to Plaintiff—conforms with due process. *See Flores-Ledezma v. Gonzalez*, 415 F.3d 375, 380 (5th Cir. 2005) (8 U.S.C. § 1252(g) does not deprive courts of jurisdiction over constitutional challenges to immigration policies, including as-applied challenges). The Court also concludes that Plaintiff's claims are far from the "speculative and hypothetical allegations of harm" that Defendants suggest. ECF No. 17 at 1. He could be removed to a third country at any time and without further warning.

Due process requires that Plaintiff be afforded sufficient notice and a meaningful opportunity to challenge his removal to any third country where he believes he is at risk for persecution or torture, including persecution or torture based upon his religious identity or sexual orientation. *See, e.g.*, *Kumar v. Wamsley*, 817 F. Supp. 3d 1059, 1068-69 (W.D. Wash. Nov. 17,

---

[1] Plaintiff filed a motion to reopen his removal proceedings in 2022, seeking asylum and withholding of removal. The motion was denied and is now on appeal to the Board of Immigration Appeals. ECF No. 19 at 2.

2025); *Gomez v. Mattos*, 817 F. Supp. 3d 1002, 1013 (D. Nev. Nov. 6, 2025); *Sagastizado v. Noem*, 803. F. Supp. 3d 992, 1008 (S.D. Tex. Oct. 2, 2025). Specifically, the Court concludes that Plaintiff must be provided with written notice of the intended country of removal. Plaintiff must then have a meaningful opportunity to pursue fear-based relief from removal with respect to that country, consistent with the opportunity he would be afforded in standard removal proceedings. Respondents must allow Plaintiff reasonable time to prepare to seek this protection, as well as reasonable time to seek administrative review of any decision denying Plaintiff protection.

### III.   ORDER

1. Respondents shall not re-detain Plaintiff under 8 C.F.R. § 241.13(i)(2)-(3) unless and until Respondents have obtained a travel document allowing for Plaintiff's removal from the United States and Plaintiff has been afforded a meaningful opportunity to challenge any third-country removal as outlined in this Order.

2. If Respondents seek to remove Plaintiff to a third country, Plaintiff must be provided with written notice of the intended country of removal. Plaintiff must then have a meaningful opportunity to pursue fear-based relief from removal with respect to that country, consistent with the opportunity he would be afforded in standard removal proceedings. Respondents must allow Plaintiff reasonable time to prepare to seek this protection, as well as reasonable time to seek administrative review of any decision denying Plaintiff protection.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 26th day of June, 2026.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE