United States District Court
Southern District of Texas
**ENTERED**
August 03, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| AWAD OMAR MUSTAFA, | § | |
| | § | |
| *Plaintiff,* | § | |
| VS. | § | CIVIL ACTION NO. 4:26-cv-3976 |
| | § | |
| U.S. DEPARTMENT OF STATE, *et al.*, | § | |
| | § | |
| *Defendant.* | § | |

## ORDER

Before the Court is Defendants' Motion to Dismiss (ECF No. 21). For the reasons discussed in the Court's previous Order (ECF No. 20) granting in part Plaintiff's motions for a temporary restraining order and preliminary injunction, the Court concludes that Plaintiff has standing to sue and this Court has jurisdiction to consider Plaintiff's claims.[1] The Court also concludes that Plaintiff has stated a claim upon which relief can be granted.

The Court disagrees with Defendants' argument that the third-country removal procedures currently in place "essentially ensure the relief the Court has previously Ordered." ECF No. 21 at 8. As the Court previously stated,

> Current federal policy permits the Government to remove non-citizens to any third country which has provided blanket "diplomatic assurances that aliens removed from the United States will not be persecuted or tortured." ECF No. 17 at 5 (quoting March 30, 2025 "Guidance Regarding Third Country Removals"). Carrying out such a removal does not require further process or an individualized determination of risk to the non-citizen. Thus, it can be achieved within a matter of hours or days.

---

[1] Defendants suggest that Plaintiff is not yet subject to a final removal order. *See* ECF No. 21 at 6. However, he was ordered removed in 2008, and he filed a motion to reopen his removal proceedings in 2022. *See* ECF No. 17 at 1; ECF No. 19 at 2. Plaintiff states that he has appealed the denial of that motion. ECF No. 12 at 5.

ECF No. 20 at 2. The Court's Order, by contrast, required that Defendants ensure an individualized determination of the risk that Plaintiff would face should he be removed to an intended third country, specifically:

1. Respondents shall not re-detain Plaintiff under 8 C.F.R. § 241.13(i)(2)-(3) unless and until Respondents have obtained a travel document allowing for Plaintiff's removal from the United States and Plaintiff has been afforded a meaningful opportunity to challenge any third-country removal as outlined in this Order.

2. If Respondents seek to remove Plaintiff to a third country, Plaintiff must be provided with written notice of the intended country of removal. Plaintiff must then have a meaningful opportunity to pursue fear-based relief from removal with respect to that country, consistent with the opportunity he would be afforded in standard removal proceedings. Respondents must allow Plaintiff reasonable time to prepare to seek this protection, as well as reasonable time to seek administrative review of any decision denying Plaintiff protection.

Defendants' Motion to Dismiss is **DENIED.**

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 3rd day of August, 2026.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE